FARR

*v.*

BALDWIN & AL.

*(Supreme Court of Appeals of Virginia, March 24, 1892.)*

[14 S. E. Rep. 703.]

**Chancery Practice—Accounts—Case at Bar.**

On a creditors' bill, it appeared that the debtor had executed a deed of trust on certain land to secure a note given to complainant and one given to another person; that the complainant had agreed that the latter note might have priority, but relinquished no other right; and that for this purpose the debtor was allowed to cut timber on the land, and apply the net proceeds to the payment of the said note: *held,* that a decree as to the amount due, based on a commissioner's report, should be set aside, where evidence showed that a part of the proceeds of the timber had been applied to an old indebtedness, instead of to the note mentioned in the deed of trust, and that a certain amount of timber had been cut and sold, and that less than half of this amount had been credited as payment on the note, and that these errors were not remedied in the decree.

This was a creditors' bill brought by R. R. Farr against Baldwin & Co.　From a decree of the lower court, complainant appeals.　Reversed.

*J. M. Johnson,* for appellant.

*R. W. Moore,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The appellant, R. R. Farr, complains of a final decree of the circuit court of Fairfax county, at the November term,

1890, in the chancery cause therein pending, in which Baldwin & Co. are complainants, against W. D. Wilcoxon and others, defendants. The suit is a creditors' bill to enforce liens, and to satisfy them by subjecting several parcels of land lying in Fairfax county, Va., belonging to said W. D. Wilcoxon. The cause proceeded regularly, and all the parcels of land except the one mentioned in the decree appealed from were sold, and the proceeds of sale applied to discharge the liens thereon. It appears from the record that W. D. Wilcoxon and Mary M., his wife, and Mary E. Selectman, on the 30th day of May, 1879, executed a deed of trust to one George W. Blincoe, trustee, conveying the said parcel of land in Fairfax county, Va., to secure to Thomas M. Fairfax a note executed by W. D. Wilcoxon, dated 30th day of May, 1879, payable two years after date, for $900, with 6 per centum interest from date, to Thomas M. Fairfax; also to secure a note executed by W. D. Wilcoxon, dated 17th day of May, 1879, payable two years after date, to R. R. Farr, with interest at 6 per centum from date, for $500. On the said deed of trust there is this indorsement: "June 9th, 1879. In the foregoing deed of trust I am willing that the claim of Thomas M. Fairfax should have priority, but relinquish no other rights. Witness my hand and seal. R. R. Farr. [Seal.]"

All matters in the cause, except the amount due said Fairfax as secured by this deed of trust, were settled without any contest. It appears, from the evidence in the record, that in 1882, after the aforesaid debts secured in the deed of trust were due, W. D. Wilcoxon obtained the consent of the said R. R. Farr and Thomas M. Fairfax to have railroad ties cut on the land embraced in deed of trust, and the net proceeds of the sale of the ties applied to discharge the debt due to Fairfax, and for this purpose Fairfax agreed to advance the money to pay hands for cutting the ties, taking all ties delivered on the railroad, and, after deducting

the money advanced by him for the cutting, to apply the residue of the proceeds of sale of the ties as a credit upon his deed of trust debt.

The commissioner to whom the question was referred to ascertain and report what amount of the debt secured in the deed of trust to Fairfax had been paid, and what was still due thereon, returned his report, not taken on testimony, but simply from the deed to the November term, 1887, and fixed the amount as still due to Fairfax at the sum of $1,040.10 as of that date. This report was excepted to by R. R. Farr, and without acting upon the report or exceptions the court recommitted the matter to the commissioner. Upon testimony, the commissioner returned a second report to the November term, 1888, which fixed the amount still due upon Fairfax's debt at the sum of $471.16, as of that date. To this report Fairfax excepted, and filed an affidavit, and the court, without acting upon the reports and exceptions, again recommitted the matter to the commissioner. More depositions were taken, and were returned by the commissioner, along with his third report, to the November term, 1889, wherein he states: "As the court has both reports, the evidence, and the exhibits before it, I leave the question to be decided by the court." The cause was heard at the November term, 1890, and the court pronounced the decree complained of by the appellant, R. R. Farr, which sustains and adopts the report returned to the November term, 1887, without evidence, and fixes the amount still due upon the Fairfax debt at $1,040.10, as of November, 1887. The error assigned in the petition for appeal is the adoption of this report of November term, 1887, and the rejection of the report of November term, 1888, which, upon the evidence taken by the commissioner and returned with his report, fixed the amount due upon Fairfax's debt at $471.66, as of November, 1888. The record shows that Fairfax applied $100 of the money proceeds of the ties delivered to

him to an old debt due to him by Wilcoxon, and not to the
deed of trust debt, and this error was corrected·by the com-
missioner in his report of November term, 1888.   The·evi-
dence in the record shows distinctly and positively that
Fairfax had delivered to him on the railroad, under the con-
tract, 1,600 ties, while he gives credit upon the debt secured
to him in the deed of trust for only 762, less than one-half.
Mrs. Selectman paid for hauling 1,600 ties to Fairfax on the
railroad, Fairfax paid for cutting 1,600 ties on the land,
and Simpson & Mitchell swear that they hauled about 1,600
ties to the railroad for Fairfax.   There is no evidence which
contradicts, or even tends to contradict, the testimony of
these unimpeached and positive witnesses.   We are of opin-
ion that the circuit court of Fairfax erred in sustaining and
adopting the report of November term, 1887, and in reject-
ing, and not sustaining and adopting, the report made to
November term, 1888, which fixes the credits to go on the
Fairfax debt at the sum of $615, as the value of the ties de-
livered to Fairfax on the railroad under the contract, leaving
and fixing the amount still due on the Fairfax debt secured
upon the land at the sum of $471.66, as of November, 1888,
with interest upon $325.28, part thereof, from May 30, 1881.
The decree of the circuit court of Fairfax county appealed
from is wholly erroneous, and it is reversed and annulled.
Reversed.